UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CRUZ,

Plaintiff,

-v-

METRO-NORTH COMMUTER
RAILROAD,

Defendant.

23-CV-4208 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff John Cruz filed this case on May 20, 2023, against Defendant Metro-North
Commuter Railroad ("Metro-North") alleging violations of the Federal Employers' Liability Act,
45 U.S.C. § 51, *et seq*. Presently before the Court is Metro-North's motion for summary
judgment. For the reasons that follow, that motion is denied.

I.    **Background**

A.    **Factual Background**

The facts in this case, drawn from the parties' statement and counterstatement of material
facts (*see* ECF No. 35-1 ("SMF")) and from Cruz's deposition (ECF No. 31-3 ("Cruz Dep.")),
are straightforward. Except where otherwise noted, the facts are either undisputed or described
in the light most favorable to Cruz. *See, e.g., Costello v. City of Burlington*, 632 F.3d 41, 45 (2d
Cir. 2011).

On June 4, 2020, Cruz was employed by the defendant, Metro-North, as a custodian at
Grand Central Station, New York, New York. (SMF ¶¶ 1, 3.) As of that date, he had been
employed in this position for approximately two years. (*Id.* ¶ 2.) His duties included cleaning
and mopping the station and stocking supplies in a storage area referred to as "the cage" near
Track 113 at Grand Central Terminal. (*Id.* ¶¶ 3, 4.)

Water would occasionally accumulate in a train trough built into the track bed of Track 113.  At times, this pool of water produced a foul odor.  (*Id.* ¶¶ 15, 17.)  Cruz had previously observed others pouring bleach onto the tracks to eliminate the smell.  (*Id.* ¶ 17.)

On June 4, employees complained to Cruz about the odor from the standing water.  (*Id.*)  Cruz searched for a pump or sprayer to apply bleach to the tracks.  (Cruz Dep. at 69.)  Although he could find no pump or sprayer that day, he did find a gallon bottle of bleach (*id.* at 21, 46), which he took to the area of the tracks from which the odor was emanating (*id.* at 69).  While walking about the platform and while pouring the bleach onto the tracks below, some bleach leaked from the bottle onto the platform on which Cruz stood.  (*Id.* at 70.)  Cruz slipped on that leaked bleach and fell from the platform, landing on the tracks below, and striking his head.  (*Id.* at 25; SMF ¶¶ 9, 10.)

## B.    Procedural Background

Cruz filed his complaint on May 20, 2023.  (ECF No. 1 ("Compl.").)  Metro-North appeared and filed its answer on July 31, 2023.  (ECF No. 9.)  Metro-North filed its motion for summary judgment on October 31, 2025 (ECF No. 30), along with its accompanying memorandum of law (ECF No. 32 ("Mem.")).  Metro-North also included depositions from Cruz (Cruz Dep.) and the Director of Station Operations for Grand Central Terminal (ECF No. 31-4 ("Baez Dep.")), along with Cruz's incident report (ECF No. 31-5 ("Inc. Rep.") and Metro North's safety rules (ECF No. 31-6 ("Rules")).  On December 22, 2025, Cruz filed his memorandum of law in opposition to Metro-North's motion for summary judgment (ECF No. 35 ("Opp.")) and Metro-North replied in further support on January 23, 2026 (ECF No. 36 ("Repl.")).

2

## II.    Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if, considering the record as a whole, a rational jury could find in favor of the non-moving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).  In deciding a motion for summary judgment, a court must consider the evidence "in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."  *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

## III.   Discussion

The Federal Employers' Liability Act ("FELA") provides in relevant part:  "Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."  45 U.S.C. § 51.

A plaintiff must "prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation."  *Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 87 (2d Cir. 2006) (citing *Sinclair v. Long Island R.R. Co.,* 985 F.2d 74, 77 (2d Cir. 1993)).  "At the same time, the plaintiff's burden in making a showing of causation and negligence is lighter under FELA than it would be at common law because 'the theory of FELA is that where the employer's conduct falls short of the high standard required of him by the Act and his fault, in whole or in part, causes injury, liability ensues.'"  *Id.* (quoting *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 438-39 (1958)).  "Despite this lenient standard, 'claimants must at least offer *some evidence*' as to each

element of negligence." *Houser v. Norfolk S. Ry. Co.*, 264 F. Supp. 3d 470, 478 (W.D.N.Y. 2017) (quoting *Siegel v. Metro–N. Commuter R. Co.*, No. 07-CV-6025, 2009 WL 889985, at *2 (S.D.N.Y. Apr. 1, 2009) (Chin, J.)).

"It is indisputable that [Metro-North] ha[s] a duty to provide its employees with a safe workplace," *Tufariello*, 458 F.3d at 91 (cleaned up), "which it has breached if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees," *id.* at 87 (quotation marks omitted). "Reasonable care is determined in light of whether or not a particular danger was foreseeable." *Syverson v. Consol. Rail Corp.*, 19 F.3d 824, 826 (2d Cir. 1994).

"Reasonable foreseeability of harm . . . [is] an essential ingredient of FELA negligence," *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 703 (2011) (cleaned up), which "requires proof of actual or constructive notice to the employer of the defective condition that caused the injury," *Sinclair*, 985 F.2d at 77. *See also Ulfik v. Metro-N. Commuter R.R.*, 77 F.3d 54, 58 (2d Cir. 1996) ("The touchstone of this negligence inquiry is the issue of foreseeability—whether or not Metro-North knew or should have known of the potential hazard."). Additionally, "[t]he element of notice is satisfied by [a] defendant's creation of a dangerous condition." *Hairston v. Long Island R. Co.*, No. 00-CV-7208, 2003 WL 21254196, at *5 (S.D.N.Y. May 30, 2003).

"To establish causation in a common law negligence action, a plaintiff generally must show that the defendant's conduct was a substantial factor in bringing about the harm." *Tufariello*, 458 F.3d at 87 (quotation marks omitted). However, "given the breadth of the phrase 'resulting in whole or in part from the railroad's negligence,' and Congress' humanitarian and remedial goals, [the Supreme Court] ha[s] recognized that, in comparison to tort litigation at common law, a relaxed standard of causation applies under FELA." *CSX Transp.*, 564 U.S. at

691-92 (cleaned up); *see also Tufariello*, 458 F.3d at 87 ("Under the federal common law of FELA actions, . . . the plaintiff carries a lighter burden."). "Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 506 (1957); *see also CSX Transp.*, 564 U.S. at 703-04 ("If negligence is proved . . . and is shown to have played any part, even the slightest, in producing the injury, then the carrier is answerable in damages even if the extent of the injury or the manner in which it occurred was not probable or foreseeable." (cleaned up)).

As with foreseeability, "the right of the jury to decide the issue of causation must be most liberally viewed," *Tufariello*, 458 F.3d at 88 (quotation marks omitted), because "Congress vested the power of decision in [FELA] actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury," *Rogers*, 352 U.S. at 510. "Therefore, only in instances where reasonable jurors could reach only one conclusion may the court take the determination from the jury and decide the question as a matter of law." *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 407 (2d Cir. 1999) (cleaned up).

Accordingly, under FELA, a "case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." *Gadsden v. Port Auth. Trans-Hudson Co.*, 140 F.3d 207, 209 (2d Cir. 1998) (quotation marks omitted).

### A.    Foreseeability

Metro-North contends that Cruz's negligence claim—premised on the allegedly large pool of water on the train tracks and the absence of a pump or sprayer to remedy the odor emanating from it—fails because Cruz has not adduced any evidence demonstrating that Metro-

North had actual or constructive notice of the allegedly defective conditions that caused his injury.  (Mem. at 9.)  In other words, Metro-North challenges the element of reasonable foreseeability with respect to this claim.

"In order to prove the essential element of foreseeability, plaintiffs bringing FELA claims must offer 'proof of actual or constructive notice to the employer of the defective condition that caused the injury.'" *Esposito v. Long Island R. R.*, No. 16-CV-9351, 2018 WL 4757948, at *4 (S.D.N.Y. Sept. 29, 2018) (Nathan, J.) (quoting *Sinclair*, 985 F.2d at 77); *see also Murphy v. Metro. Transp. Auth.*, 548 F. Supp. 2d 29, 37 (S.D.N.Y. 2008).

Metro-North's foreseeability argument rests principally on the assertion that Cruz lacked authorization to pour bleach on the tracks.  According to Metro-North, Cruz had been instructed "not to engage in this type of activity (i.e., leaning over the edge of a platform and fouling track[])."  (Mem. at 9.)  Although framed as a foreseeability argument, Metro-North's contention is better understood as one concerning the scope of Cruz's employment.  "Normally, whether an employee is acting within the scope of employment is a question to be resolved by the jury from all the surrounding circumstances." *Goldwater v. Metro-North Commuter R.R.*, 101 F.3d 296, 298 (2d Cir. 1996) (quoting *Gallose v. Long Island R.R. Co.*, 878 F.2d 80, 84 (2d Cir. 1989)).  Courts are generally reluctant to divest the jury of its central role in FELA cases. *Francois v. Metro-North Commuter R.R. Co.*, 107 F.4th 67, 74 (2d Cir. 2024).  Thus, whether Cruz acted within the scope of his employment when he attempted to clean the pool of water with bleach—and whether he leaned over the platform or instead slipped on spilled bleach—are factual questions that should not be resolved on summary judgment. *Id.*

In addition, Cruz provides testimony about and photographs of the water accumulation on the tracks, which he claims "make [] clear that Metro-North had notice . . . of . . . the longstanding drainage problem." (Opp. at 10.)

Here, Cruz's testimony that the wet area was dirty and notably large, along with the photographs of the area in question, is sufficient circumstantial evidence to support an inference of constructive notice for FELA liability. *See Herbert v. Nat'l R.R. Passenger Corp.*, No. 92-CV-6937, 1995 WL 507289, at *2 (S.D.N.Y. Aug. 28, 1995) (concluding that a reasonable jury could infer that "a puddle with a six-foot circumference was obvious, and existed long enough to impart constructive notice"). Furthermore, whether Metro-North had actual or constructive notice of the hazardous wet condition presents an issue of fact, and "[a]s with all factual issues under FELA, the right of the jury to pass on this issue must be liberally construed." *Gallose*, 878 F.2d at 85; *see also O'Hara v. Long Island R.R. Co.*, 665 F.2d 8, 9 (2d Cir.1981) ("[T]here is a strong federal policy in favor of letting juries decide FELA cases[.]"). Accordingly, Metro-North is not entitled to summary judgment on the basis of its notice argument.

### B. Causation

"FELA's language on causation . . . 'is as broad as could be framed.'" *CSX Transp.*, 564 U.S. at 691 (quoting *Urie v. Thompson*, 337 U.S. 163, 181 (1949)). A "relaxed standard of causation applies under FELA" where the "test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Id.* at 692 (quotation marks omitted); *see also id.* at 695 ("[T]he 'any part' test is the '*single*' inquiry determining causation in FELA cases.") (quoting *Rogers*, 352 U.S. at 507).

Accordingly, Cruz needs only point to evidence to support a finding that Metro-North's negligence played a part—"no matter how small"—in bringing about his injury. *Id.* at 705. "As clarified by the Second Circuit, in the ordinary FELA case, '[c]ircumstantial evidence, expert testimony, *or* common knowledge may provide a basis from which the causal sequence may be inferred.'" *Kendall v. Metro-N. Commuter R.R.*, No. 12-CV-6015, 2014 WL 1885528, at *5 (S.D.N.Y. May 12, 2014) (quoting *Ulfik*, 77 F.3d at 60).

The Court concludes that Cruz has demonstrated the existence of genuine issues of material fact on the issue of causation. In light of FELA's relaxed standards, Cruz's testimony and the photographs provided by Cruz support a conclusion that a reasonable jury could find that Metro-North's negligence played a part in causing Cruz's injury. *See Francois*, 107 F.4th at 71 ("We have observed that under FELA, a railroad employer 'is potentially responsible for risks that would be too remote to support liability under common law.'") (quoting *Syverson*, 19 F.3d at 826).

There exists a genuine dispute of material fact regarding whether Metro-North negligently failed to address a longstanding drainage problem that allegedly caused Cruz's injury. First, Metro-North's allegedly negligent maintenance of the drainage conditions led Cruz to take measures in an effort to mitigate the resulting odor, which, according to Cruz, ultimately led to his injury. *See e.g. Sierra v. Nat'l R.R. Passenger Co.*, No. 22-1574, 2023 WL 7986169, at *1-2 (2d Cir. Nov. 17, 2023) (summary order) (concluding that a genuine issue of material fact existed as to notice and causation where the plaintiff, an Amtrak employee, was frequently confronted with "dirty, nasty, and smelly" bathroom conditions that required her to mop the entire restroom multiple times, ultimately causing her to slip and fall on the wet floor and injure her knee).

Second, Cruz contends that had a pump or sprayer been available to him—which Metro-North does not dispute was a tool provided to employees for spraying bleach at track level (Repl. at 5)—the bleach would not have leaked onto the platform, and therefore Cruz would not have slipped on it (Opp. at 12).  Under FELA, a railroad's duty to provide a safe workplace encompasses the obligation to furnish employees with adequate tools and equipment suitable for the work assigned.  *Schneider v. Long Island R.R. Co.*, No. 23-CV-3707, 2026 WL 523025, at *3 (E.D.N.Y. Feb. 25, 2026).  Here, then, a jury could find that the railroad failed to equip Cruz with the proper tools to perform the cleaning task safely.

Accordingly, the question of causation cannot be resolved on the instant motion.

IV.    **Conclusion**

For the foregoing reasons, Metro-North's motion for summary judgment is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 30.

The parties are directed to confer and file a joint status letter on or before May 18, 2026, addressing (1) proposed jury trial dates from August 2026 through February 2027, with estimated length of trial, and (2) whether the parties wish to be referred to the Court's mediation program or the designated magistrate judge for a settlement conference.

SO ORDERED.

Dated: May 4, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

9